CYRUS W. LOOSE v. SYLVESTER P. NAVARRE.

*Quieting title—Deed from trustee—Fraud—Void tax titles—Defenses.*

A deed from a trustee, to whom the land was conveyed in trust for creditors, conveys the legal title; and a claimant under a void tax title is not in a position, in a suit brought by the trustee's grantee (who is in possession under his deed) to set aside said tax deed, to defend on the ground that no settlement was ever made with the creditors.

Appeal from Monroe. (Kinne, J.) Submitted on briefs April 14, 1893. Decided June 1, 1893.

Bill to remove a cloud from title. Defendant appeals. Affirmed. The facts are stated in the opinion.

*Landon & Lockwood,* for complainant.

*G. Morris,* for defendant, contended:

1. The amendment of 1887 only relieves complainant from showing possession of the land; he must still hold the legal or equitable title thereto; citing 3 How. Stat. § 6626; *Stockton v. Williams,* 1 Doug. 546; *Moran v. Palmer,* 13 Mich. 367; *Torrent v. Booming Co.,* 22 Id. 21; *Grover v. Fox,* 36 Id. 453; *Hatch v. St. Joseph,* 68 Id. 220; and he must substantiate his title; citing *Griswold v. Fuller,* 33 Mich. 268; *Haddon v. Hemingway,* 39 Id. 615.

LONG, J. The bill in this case was filed to remove certain clouds from the title to complainant's land. One is a deed from the Auditor General to the defendant for the tax for the year 1885, and the other is a deed from the treasurer of Monroe county to the defendant for a delinquent drain tax for the year 1885. The case was heard on pleadings and proofs taken in open court, and a decree made setting aside the two deeds. Defendant appeals.

It appears that in the year 1885 there was assessed in the township of Monroe, where the land lies, the sum of $450 for township contingent purposes, and the portion of such amount assessed upon this land was $9.37. No amount was voted or authorized to be raised in the township for this purpose, either at the annual township meeting or by the township board. As to the drain tax, it appears that there was no record of the laying out of any drain in the township of Monroe upon which this land was assessed, and the tax roll does not show for what drain the tax is assessed; and it further appears that the sale of the land was made for this tax by the county treasurer,

and the deed given by him, and not by the Auditor General.

It is not very seriously contended by defendant's counsel that either of these tax sales is valid, but he contends that the court below was in error in setting the sales aside, for the reason that complainant, by his proofs, did not show title in himself to the land in controversy. It appears that the lands originally belonged to the father of complainant, who was in business with his father under the firm name of Charles Loose & Sons. The firm becoming indebted, Charles Loose, the father, conveyed the lands in controversy to Ira R. Grosvenor in trust for the creditors of Charles Loose & Sons. Subsequently, Grosvenor conveyed them to the complainant. The defendant sought, upon the hearing, to show that no settlement was ever made with the creditors, and therefore the deed from Grosvenor to the complainant conveyed no title.

The defendant is not in a position, claiming under void tax titles, to contest complainant's title to the land. He is in no way interested in the equities existing between the complainant and the creditors of Charles Loose & Sons. It appears that the complainant went into possession under the Grosvenor deed, and was, in fact, at the time of the filing of this bill, claiming title through the Grosvenor deed. This deed conveyed the legal title. His title to the lands is proved, unless some equities are shown by the creditors of Charles Loose & Sons which should operate to set aside the deed. Those equities cannot be set up by the defendant in this case. It needs no citation of authority to show that the tax titles are void, and that the defendant is not in a position to attack complainant's title in the manner sought.

The decree of the court below must be affirmed.

The other Justices concurred.